IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIANO MALDONADO PAGAN,

    Petitioner,

    v.                                   CIVIL NO. 98-2383 (RLA)

SR. MALAVE, WARDEN, BAYAMON
CORRECTIONAL FACILITY, et al.,

    Respondents.

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION FOR FAILURE TO EXHAUST STATE REMEDIES

Petitioner MARIANO MALDONADO PAGAN filed this lawsuit under 28 U.S.C. § 2254 seeking habeas corpus relief from his 1992 Commonwealth of Puerto Rico conviction for the murder of his wife and two children, arson, and weapons violations.

Petitioner claims that his conviction should be set aside and vacated because he did not receive effective assistance of counsel during his pretrial and guilty plea proceedings. To that effect, he contends that (1) his attorney failed to plead an insanity defense on his behalf, and (2) his attorney failed to protect his rights to self-incrimination when petitioner, during jury selection, waived his right to trial and asked for a change of plea to guilty.

### Exhaustion of Remedies

Petitioner is seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, which, where relevant, states as follows:

CIVIL NO. 98-2383 (RLA) Page 2

**State custody; remedies in Federal courts**

**(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
 **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
  **(A)** the applicant has exhausted the remedies available in the courts of the State; or
  **(B)** ....
 **(2)** ....
 **(3)** ....
 **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section if he has the right under the law of the State to raise, **by any available procedure,** the question presented. (emphasis added).

**Background**

Petitioner MALDONADO PAGAN filed this habeas corpus before the federal court raising as its sole ground for relief the allegation that he was convicted because he received ineffective assistance of counsel during his pretrial and change of plea proceedings.

MALDONADO was convicted on March 6, 1992, for first degree murder of his wife and two children, arson and weapons violations before the Superior Court of Puerto Rico and was sentenced to concurrent sentences totaling more than 300 years of imprisonment.

Petitioner did not appeal his conviction. Instead, five years later, on April 21, 1997, he filed a *pro se, habeas corpus* motion before the Puerto Rico Supreme Court, but failed to properly present it because he did not file the necessary Rule 192.1 motion before the

CIVIL NO. 98-2383 (RLA)                                                              Page 3

---

trial court *prior* to seeking habeas relief, as required by § 1741 of the Puerto Rico Code of Criminal Procedure, P.R. Laws Ann. tit 34, § 1741. The Supreme Court denied it without comment. Subsequently, on May 22, 1998, petitioner did file a *pro se* Rule 192.1 motion before the trial court. It was from the denial of this motion that petitioner failed to appeal, as required by the federal habeas statute, and pursuant to which we must now dismiss this action for failure to exhaust state remedies.

"Exhaustion, a matter of comity, requires the petitioner to fairly present 'the substance of his federal claim to the state court before seeking federal review.'" Omosefunmi v. Attorney General of Com. of Massachusetts, 152 F. Supp.2d 42, 53 (D. Mass. 2001)(citing Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Petitioner must not only present the factual and legal underpinnings of the federal claim to the state's highest court, Adelson v. Dipaola, 131 F.3d 259, 263 (1st Cir. 1997); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988)); he must do so "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). Thus, a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim. To carry this burden, the petitioner must demonstrate that he tendered each claim "in such a way as to make it probable that a reasonable jurist would

CIVIL NO. 98-2383 (RLA)                                                    Page 4

---

have been alerted to the existence of the federal question." <u>Adelson</u> at 261 (quoting <u>Scarpa v. Dubois</u>, 38 F.3d 1, 6 (1st Cir. 1994))(internal citations omitted).

So it is that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982).

Having reviewed and considered MALDONADO PAGAN's petition in light of these precepts, we find that petitioner has not exhausted all remedies available to him in the courts of Puerto Rico.

Despite petitioner's argument that we should consider that he has exhausted available state remedies, it is evident that petitioner has not fairly presented the federal claim raised in this petition to the courts of Puerto Rico and that he has further failed to avail himself of "any available procedure" to raise before the state court the federal claim of constitutional violation he now brings before us.

The Rule 192.1 motion presented by petitioner before the Puerto Rico Court of First Instance in Carolina., P.R. Appeals cannot be used by petitioner to satisfy the burden of proving that his claim in the habeas petition has been fairly presented to the state courts, because he failed to appeal its denial to the Supreme Court. Thus, his failure to appeal his conviction or to file postconviction proceedings also militates against him under the doctrine of

**CIVIL NO. 98-2383 (RLA)**                                                          Page 5

---

exhaustion of remedies, a principle that federal courts have enforced consistently and vigorously. See e.g., Rose, 455 U.S. at 518; Adelson, 131 F.3d at 261.

Accordingly, because petitioner failed to appeal his conviction to Puerto Rico's highest court; to present his ineffective assistance of counsel claim in the appeal of his conviction or to present his constitutional claim to the state's highest tribunal, we FIND that we have no jurisdiction to entertain this habeas corpus petition and must therefore DISMISS for failure to exhaust state remedies. See also Rodríguez v. Warden, Escuela Indus. de Mujeres, 791 F.Supp. 41, 42 (D.P.R. 1992)(federal habeas petitioner fails to exhaust all state court remedies when he fails to avail himself of state postconviction court proceedings). Judgment shall be entered accordingly.

This Order shall be notified to petitioner MARIANO MALDONADO PAGAN via regular mail at Box 60700, Unit 5-B, Bayamon Correctional Facility, Bayamón, P.R. 00960.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9 day of October, 2003.

RAYMOND L. ACOSTA
United States District Judge