IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIANO MALDONADO PAGÁN, | |
| Petitioner, | CIVIL No.: 98-2383(RLA) |
| v. | |
| SR. MALAVE, WARDEN, BAYAMÓN CORRECTIONAL FACILITY, | |
| Respondent. | |

**REQUEST FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY**

TO THE HONORABLE COURT:

NOW COMES the petitioner, Mariano Madonado Pagán, through the undersigned attorney, and respectfully STATES AND PRAYS:

After finding that the petitioner had not exhausted state remedies before filing his habeas corpus petition, on October 9, 2003, this Honorable Court dismissed the case. Nevertheless, as we understand that jurists of reason could disagree with the Court's order of dismissal and, as jurists of reason could conclude that the issues presented in the petition are adequate to deserve encouragement to proceed further, we request that a Certificate of Appealability be issued.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §§2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas</u>

1

<u>petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.</u> This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot, supra*, at 893, and n. 4, and adopted by Congress in AEDPA. "<u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

## **VALID CLAIMS OF DENIAL OF CONSTITUTIONAL RIGHTS**

Some of the issues presented in the petition are adequate to deserve encouragement to proceed further. The first one of those issues is whether his conviction was obtained by a plea of guilty which was not made voluntarily with the understanding of the nature of the charge and the consequences of the plea. The Petitioner asserts that it was not a voluntary plea as during the court proceedings he was under the constant influence of medicated drugs.

The second issue presented by petitioner is that he was denied effective assistance of counsel. He grounds this issue on the fact that his attorney did not present the district court with evidence of his mental condition and/or his psychiatric problems, even though the attorney knew that petitioner was suffering from severe mental illness, as the petitioner had been imprisoned at a psychiatric ward for eight months prior to the trial, and as petitioner's relatives informed the attorney of petitioner's long history of mental illness.

We believe that jurists of reason could find it debatable whether the petition states valid claims of the denial of constitutional rights, and that, therefore, a certificate of appealability should be issued.

## PROCEDURAL RULING

The United States Supreme Court has recognized that the rule of exhaustion of state remedies is not rigid or inflexible and that the district courts may deviate from it when special circumstances so require. In the same opinion, the Supreme Court expressed that the existence of the special circumstances must be determined by the district court after considering the surrounding facts. <u>Frisbie v. Collins</u>, 342 U.S. 519 (1952).

In <u>Hall v. Di Paolo</u>, 986 F. 2d 7, 10 (1st Circuit 1993), the First Circuit stated that a federal Habeas Corpus court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim to be procedurally barred and that where exhaustion has obtained through a procedural default the habeas corpus petitioner must show cause for that default and prejudice arising therefrom before the federal court may reach the merits of his Habeas Corpus claims. The court also explained that in the usual cases, victims of a fundamental miscarriage of justice will meet the cause plus prejudice test, but that in those rare cases where that is not so, a federal habeas court may consider a procedurally defaulted claim absent a showing of cause for the default only where the petitioner demonstrates that his is an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

There exists cause for the default in the present case. As the petitioner alleges in his "pro se" petition for Habeas Corpus under 28 U.S.C. section 2254, which allegations must be construed liberally, he received no legal assistance after his conviction and sentencing on 1992. He made various attempts to receive legal assistance for appealing and challenging his sentence but they were to no avail. He also made various attempts to gather the trial record in order to challenge the sentence on his own, but his petitions were also denied by the trial and appellate courts. On 21 April 1997, the petitioner filed a "pro se" Habeas Corpus petition with the Puerto Rico Supreme Court that was denied. Later, on 22 May 1998, the petitioner presented to its trial court a "pro se" motion under rule 192.1 in which he included all of the arguments already included in the Habeas Corpus petition previously made to the Supreme Court which are the same that he includes in the present petition. This motion was also denied.

In sum, it is evident that the petitioner has done his best to exhaust the state remedies and present his claims to the state highest tribunal. <u>Delgado v. Martinez</u>, 72 F. Supp. 2d 2 (P.R.D. 1999). But it is also evident that he has not taken the correct steps to exhaustion for which he is not the only one to blame. He could not present an appeal because in addition to the fact that he was committed to a mental institution after the sentencing, his lawyer did not present one. The petitioner tried his other option, through a Habeas Corpus petition, but was not able to do it because he did not know the procedures. Instead of filing a motion under rule 192.1 before making a habeas petition to the Supreme Court, he filed his habeas petition with the Supreme Court before presenting the rule 192.1 motion. If the state courts, knowing that he was appearing "pro se", had assigned him legal representation for the appellate stage of his

4

case, as it was his right, these obstacles would have been easily surpassed by the petitioner.

Furthermore, Rule 192.1 provides that unless it is evident from the motion and the record that the petitioner has no right to relief, the court shall notify the district attorney with a copy of the petition, provide legal assistance to the petitioner, in case that he had none, and set the matter for a hearing.  The trial court did not comply with this rule.

Petitioner's motion under rule 192.1 included some valid and solid legal arguments to challenge his sentence which were sustained by the record.  The petitioner alleged that he received inadequate assistance of counsel because his lawyer failed to investigate and present the court with evidence of his mental condition, even though his relatives informed him of his mental condition, even though he had been a mental patient for more than a decade and even though for approximately eight months, since the day of his arrest to the day of the trial, he was committed to a mental institution receiving medication.  He also alleged that his guilty plea was not voluntary because he was under the influence of medication which impaired his capacity all throughout the criminal process.  Finally, He also alleged that he received inadequate assistance of counsel because his lawyer did not protect his right against self-incrimination when he failed to object to his guilty plea and because his lawyer failed to prepare an appeal.

With this arguments and with the benefit of the record which supports them, the trial court should have provided the petitioner with legal assistance and set a hearing date.  None of this was done.  If the trial court had complied with the provisions of rule 192.1, it would have provided the petitioner with a lawyer who would have taken the

case through the proper appellate procedures. Instead, the state court left the petitioner alone and instead of preparing the corresponding motions at the appellate courts, he went to the federal court. The terms for presenting the corresponding motions at the appellate courts have expired by now creating a procedural default for the petitioner since he will not be able to get the Puerto Rico Supreme Court to rule on the merits of the case. The circumstances surrounding petitioner's case constitute sufficient cause to excuse the petitioner from the exhaustion requirement. This procedural default will definitely prejudice the petitioner since it constitutes the closing of his last and only real opportunity to challenge his sentence of more than 300 years in prison, which is the present petition.

In the alternative that the court found that the petitioner has failed to present a showing of cause for the procedural default, the District Court should still consider the petition on its merits since it is an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent and a miscarriage of justice will probably be its result. If petitioner allegations in regards to his lawyer's failure to present the court with evidence of his mental capacity are found to be true, it is very probable and possible that the outcome of the case would have been different. The crimes for which he was convicted and sentenced, murder on the first degree and arson, require an element of intention to which petitioner's mental condition is extremely relevant. It is very possible that a person with petitioner's mental health condition and record who kills and burns his family did not have the mental capacity necessary to constitute the element of intention required to convict a person for murder on the first degree and arson. Particularly, this evidence of mental sickness could have been

enough to exonerate the petitioner as to the charges of murder on the first degree and arson.

In the alternative, the denial of the Habeas Corpus petition made by the petitioner to the Puerto Rico Supreme Court must be considered as a decision on the merits which constitutes exhaustion of the state remedies allowing this Court to consider the present petition. Jackson v. Amaral, 729 F. 2d 41, 44(1st Circuit 1984). The Habeas Corpus petition was denied by the Supreme Court without providing any explanation. Although, there are cases where it has been held that a simple denial by the Supreme Court does not constitutes a decision on the merits, it is unfair to apply said rationale to this case when the Supreme Court knowing that the petitioner was appearing "pro se" did not even explain to the petitioner that he had to present a motion under rule 192.1 before presenting a habeas petition before it. Once again, the state courts left the petitioner alone without even providing him guidance as to the steps that he had to take before presenting a habeas corpus petition. This Court could reasonably understand that the habeas petition was considered on the merits by the state highest tribunal and that, therefore, petitioner exhausted the state remedies available to him.[1]

For these reasons, we believe that jurists of reason would find it debatable whether the district court was correct in its procedural ruling stating that the Petitioner failed to exhaust state remedies, as the arguments presented above merit an exception to the exhaustion rule in this case.

WHEREFORE, we respectfully request that this Honorable Court issue a Certificate of Appealability.

---

[1] It must be noted that according to the rules of the Puerto Rico Supreme Court, it has original jurisdiction to consider Habeas Corpus claims.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, March 15, 2004.

I HEREBY certify that on this same date I have served this motion by mailing a true and exact copy hereof to Yvonne M. Menéndez Calero, Federal Litigation Division, Department of Justice, P. O. Box 9020192, SJ, PR 00902-0192.

*S/JOSE R. OLMO RODRIGUEZ*
JOSE R. OLMO RODRÍGUEZ
USCD-PR NO. 213405
El Centro I, Suite 215, HR, PR 00918
Tel: (787) 758-3570 Fax: (787) 764-0338