ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMON
ASUNTOS DE LO CIVIL    *Criminal*



*Maldonado Pagan, Mariano*
Demandante

Vs

*El Pueblo de P.R.*
Demandado

CIVIL NUM.- *DAC 03-3667*

SOBRE: *Acción Civil    506.*

*C E R T I F I C A C I O N*

Yo, _____, Secretaria del Tribunal de Primera

Instancia de Puerto Rico, Sala Superior de Bayamón, CERTIFICO:

Que la presente consta de ___*32*___ folios, debidamente enumerados del

___*1*___ al *32* los cuales son copia SIMPLE fiel y exacta de los originales que obran

en los autos del caso de epígrafe.

Que habiéndose cancelado los correspondientes sellos de Rentas Internas, se

Remite la presente a : _*Mariano Maldonado*_ entregándole la misma en la

Secretaria de este Tribunal.

Y PARA QUE ASI CONSTE, expido la presente bajo mi firma y el sello del

Tribunal.

En Bayamón, Puerto Rico, hoy día *31* de *Diciembre* de *2004*

*Hon. Raymond L. Acosta, este*
*beas corpus también lo denegó*    Secretario General
*Trib. Supremo*
*HC 2004-02*    Por: _____
Secretaria Auxiliar

*ste es el tercer Hábeas corpus*
*que me rechazan en el foro*
*Estatal.*

7004 2510 0004 4962 0761

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMÓN


MARIANO MALDONADO PAGÁN
  PETICIONARIO
        vs                          D AC2003-3667
EL PUEBLO DE PUERTORICO                    HÁBEAS CORPUS
  RECURRIDO              SALON 506

—— HÁBEAS CORPUS ——

'03 NOV 14 AM 10:08

AL HONORABLE TRIBUNAL

   COMPARECE EL PETICIONARIO DE EPÍGRAFE POR DERE-
CHO PROPIO, EN FORMA PAUPER Y MUY RESPETUOSAMENTE
EXPONE Y SOLICITA:


EXPOSICIÓN:            IVONNE M MENENDEZ CALERO

① QUE EL 22 MAYO DEL 2002 EL DEPARTAMENTO DE JUSTICIA
A TRAVES DE LA DIVISIÓN DE LITIGACIÓN FEDERAL SOMETIÓ
AL TRIBUNAL FEDERAL UNA MOCIÓN TITULADA "REPLY TO PE-
TITIONER'S OPPOSITION TO MOTION TO DISMISS."
② QUE EN LA PÁGINA NÚM. 3 PÁRRAFO NÚM. 2 DE LA
SUSODICHA MOCIÓN EL ABOGADO SUSCRIBIENTE EXPRESÓ
LO SIGUIENTE: "NOTWITHSTANDING THE ONLY REMEDY SOU-
      MALDONADO WAS A RULE 192.1 MOTION, WICH WAS
        TO THE TRIAL COURT. PETITIONER'S MOTION
    WAS DENIED, BUT (CONTINUA ——→)

24

P. 2

inas never appealed, due to Maldonado's lack of di-
ligence, all other post-conviction remedies, except
for a writ of Habeas Corpus in the local courts, are
barred. However, Maldonado may still present his
claims under a request for Habeas Corpus in the lo-
cal courts."

En mérito de lo susodicho por el Departamento de
Justicia en el Hábeas Corpus Federal en el Tribunal
de Distrito civil No. 98-2383 (R.L.A.) aquí presento
los argumentos que sustentan este Hábeas Corpus.

(1)  Entiendo que este Hon. Tribunal es "la corte local"
para atender el presente recurso puesto que estoy
confinado en el anexo 501 del complejo correccional
del municipio de Bayamón.

(2)  Que fuí juzgado y sentenciado en el Hon. Tribunal
de Carolina en mayo del 1992. Por los delitos de:

     3 Ass. en primer grado    F.V.I.  92 G0002-04

     1 incendio agravado       F.S.P.  92 G0001

     1 art. y Ley de Armas    F.L.A.  91 M0232

(3)  Que en año 1978 sufrí un severo trauma en la
cabeza a consecuencia de un accidente y desde este
accidente comencé a recibir tratamiento siquiátrico
en salud mental y luego en rehabilitación vocacional.

(4)  Que por espacio de unos 8-9 años, mi esposa, mi niña y
yo sobrevivimos subvencionados, por el estado tanto
en P.R. como en la ciudad de New York, donde recibía-
mos dinero y cupones de alimentos. Cada año el siquia-
tra enviaba certificación médica al Departamen-
to de Servicios Sociales a fin de que continuáramos
cobijados por el estado.

(5)  Que en el año 1991 me encontraba sin tratamiento

25

P. 3

siquiátrico y sin medicamentos cuando influenciado por una voz que escuché, le privé de la vida a mi amada esposa y mis 2 niños e incendié la casa dizque "para que se purificaran los cuerpos" según la voz.

6. Esa noche me arrestaron en el patio de mi casa y conducido al cuartel de Carolina donde fuí interrogado acerca de un acto de incesto, una prensa de imprimir dólares, lo sucedido y otras cosas. Al día siguiente me trasladaron hasta Hato Rey y allí continuó el interrogatorio.

7. Me encarcelaron bajo la regla 240 e ingresado a P.I.C.U. en presidio. Transcurridos unos 5 meses me sacan de P.I.C.U., no sin antes darme los psicotrópicos de la dosis de la mañana, para la celebración del juicio y todos los días por la mañana antes de ir al juicio la enfermera me administraba los medicamentos psicotrópicos

8. Que durante la insaculación del jurado y presionado por la voz que me recriminaba por lo que le hice a mi familia, me levanté y le dije a la Hon. Jueza, "Yo soy culpable saquenme de aquí". Ahí ella me sentenció a 316 años consecutivos de prisión y ordenó mi reingreso al hospital siquiátrico de Guerrero en Aguadilla, de salud correccional. Allí estuve por espacio de 13 meses adicionales para un total de 18 meses hospitalizado ante de ser incorporado a la población penal, como paciente ambulatorio con un diagnóstico de bipolaridad y esquizoafectivo e ingiere Lithium, Paxil y Zyprexa.

... sometido a varios interrogatorios sin contar con la presencia de un abogado violentandose asi la 6ta enmienda de U.S.C.

25

P. 4

9) Mi Abogado, Lic Carlos Rodríguez Maldonado, de la S.A.L. Nunca se reunió conmigo para preparar una defensa por insanidad mental bajo la Regla 74 del Procedimiento Criminal para eximirme por Locura. Véase Pueblo v. Perales Figueroa. 91 D.P.R. 724 (1965) Pueblo v. Belmonte Colón 166 D.P.R. 82

10) Mi Abogado No presentó pruebas atenuantes ni excúlpatorias)

11) Pese a que mi abogado estaba a mi lado no objetó mi alegato de culpabilidad en corte abierta el cual no fue libre, expresa é inteligentemente pues antes de salir del Hospital siquiátrico rumbo al Tribunal ingerí los Psicotrópicos de la mañana ordenadas por el siquiatra y mi abogado Tenía conocimiento de que me estaban dando drogas desde que ingresé a P.I.C.U. Véase Pueblo v. Benito Nieves, Resuelto el 31 mayo del 1973 c.a. 73-73. Escobedo v. Illinois 378 U.S. 478 (1974)

12) Mi abogado no protegió mi derecho constitucional bajo la 5ta enmienda de U.S.C. y del Artículo II sección 11 de nuestra carta magna donde se le garantiza a toda persona el derecho a no auto incriminarse en una causa criminal y mi Abogado permitió y acepté mi alegato de culpabilidad en corte abierta sin presentar ninguna objeción ni solicito un misstrial

13) Mi Abogado siendo jurisconsultor, accedió a que me aplicaran un castigo cruel, pues todos los delitos que cometí estaban relacionados entre sí y la determinación de si dos o más penas de reclusión han de cumplirse en forma consecutivas o concurrentes no estaba a la total discreción del juez sentenciador

27

P. 5

CUANDO EXISTE REGULACIÓN ESTATUTARIA EN LAS REGLAS
DE PROCEDIMIENTO CRIMINAL QUE LIMITA LA DISCRECIÓN
JUDICIAL, PARTICULARMENTE SI ENTRE LAS CONDUCTAS
CONSTITUTIVAS DEL DELITO EXISTE UN ESTRECHO LIGAMEN-
TE O VÍNCULO CAUSAL ENTRE SÍ, AL GRADO DE QUE QUEPA
HABLAR DE QUE SE TRATA DEL MISMO ACTO O MISIÓN, BA-
JO EL ARTÍCULO 63 DEL CÓDIGO PENAL HABRÍA UN IMPEDI-
MENTO ESTATUARIO PARA LA APLICACIÓN DE CASTIGOS
CRUELES BAJO LA FIGURA DEL CONCURSO DE DELITOS SO-
BRE TODO CON LA LIBERALIDAD QUE ENGENDRA. VEASE
PUEBLO V. MELÉNDEZ CARTAGENA 106 D.P.R. 338 (1977)

(14)  MI ABOGADO DENTRO DE SU APATÍA, INEPTITUD Y
PREJUICIO NI SIQUIERA PRESENTÓ UNA APELACIÓN O RE-
CONSIDERACIÓN DE SENTENCIA O UNA MOCIÓN BAJO LA
REGLA 192.1, CUALQUIERA DE ESTOS RECURSOS ERA MAN-
DATORIO, VIOLENTANDO LA CONFIANZA QUE EN ÉL DEPO-
SITAMOS MI FAMILIA Y YO POR LO CUAL PUEDO DECIR
QUE LAS RELACIONES ENTRE ABOGADO Y CLIENTE SON
DE NATURALEZA FIDUCIARIA POR LO QUE DEBEN ESTAR
FUNDAMENTADAS EN LA HONRADEZ ABSOLUTA Y EL MA-
NEJO DE MI DEFENSA FUE UNA VIOLACIÓN A LA NATU-
RALEZA FIDUCIARIA DE NUESTRA RELACIÓN SEGÚN SE
DISPONE EN EL CANON 23 DE ÉTICA PROFESIONAL DE
LOS ABOGADOS. IN RE: PEDRO J. PEREIRA ESTEVES
084 577 PER CURIAM, 4 SEPTIEMBRE DEL 1992. STRI-
CULAND V. WASHINGTON 466 U.S. 45-668 (1984)

(15)  MI ABOGADO A SABIENDAS Y VOLUNTARIAMENTE ACTUÓ
IMPRUDENCIALMENTE ²⁴/ E INCURRIÓ EN OTRA VIOLACI-
CANON 18 DEL CÓDIGO DE ÉTICA PROFESIONAL DE
ABOGADOS 4 L.P.R.A. AP. IX. EN LO AQUÍ PERTINENTE SE
INDICA QUE ES DEBER DEL ABOGADO DEFENDER LOS INTE-
RESES DEL CLIENTE DILIGENTEMENTE DESPLEGANDO EN

28

P. 6

cada caso su más profundo saber y habilidad y
actuando en aquella forma que la profesión ju-
rídica en general estima adecuada y responsa-
ble, capaz y efectiva. IN RE: ACOSTA Grubb 119,
D.P.R. 595, 602 (1987) IN RE: SILVERIO ORTA 117 D.P.R.
114 (1986) IN RE: ARANA ARANA 112 D.P.R. 838 (1982)

(16)   En el prisma de los cánones de ética 18 y 23, su-
pra, mi abogado omitió [24] deliberadamente y a
sabiendas, desplegar todo su conocimiento y habi-
lidades como abogado para al menos lograr la
desestimación de todos los cargos, una senten-
cia ínfima o una hospitalización siquiátrica en
cambio se dejó arrastrar por el prejuicio y
dentro de su omisión había un acto punitivo

(17)   Que a mis 41 años de edad y siendo primer
ofensor, la Hon. Jueza perdió de perspectiva
mi derecho, bajo nuestra Carta Magna, a la re-
habilitación y me aplicó una sentencia punitiva
pese a que ella tenía conocimiento de que mi
alegato de culpabilidad era inadmisible en
corte abierta y no conforme a esta violación
ella ordena mi reingreso al hospital siquiátrico
donde extinguí 13 meses adicionales, en la Hon.
Jueza hubo pasión al dictar sentencia. ¿Por qué
ordenó mi reclusión en el hospital siquiátrico?
ella sabía que yo no estaba estable emocionalmen-
te.

Solicitud:

En mérito de lo susodicho, le solicito muy
respetuosamente a este Hon. tribunal que

29

P. 7

DECLARE "HA LUGAR" ESTE HÁBEAS CORPUS Y SE-
ÑALE VISTA OPORTUNA PARA LA DISCUSIÓN DE ESTE
RECURSO EN SUS MERITOS Y ME ASIGNE UN ABOGADO
DE OFICIO PARA QUE ME ASISTA DURANTE LA VISTA

CON SUMO RESPETO SOMETIDO, SO PENA DE PER-
JURIO, HOY 20 OCTUBRE DEL 2003 EN BAYAMON
P.R.



Mariano Maldonado Pagán
Box 607073  3-C ANEXO 501
BAYAMÓN P.R. 00961

NOTA  HON. SECRETARIA, POR FAVOR, UNA
COPIA TIMBRADA. ¡GRACIAS!

CERTIFICADA/ACUSE _____ 7002 3150 0001 8676 5344

SE ANEJA DECLARACIÓN JURADA DE MIS HNAS.
(COPIA)

LA PRUDENCIA CONSISTE EN SABER DISTINGUIR
LO BUENO PARA HACERLO DE LO MALO PARA
EVITARLO [1] SIENDO LA IMPRUDENCIA O NE-
GLIGENCIA EL INCUMPLIMIENTO DEL DEBER
DE ACTUAR CON CUIDADO ANTE UNA SITUACI-
ÓN PELIGROSA [2] O LA VIOLACIÓN DE LAS RE-
GLACIONES OBJETIVAS ESTABLECIDAS PA-
RA EVITAR CONSECUENCIAS DAÑOSAS [3]
LA OMISIÓN A SABIENDAS Y VOLUNTARIA-
MENTE CONSTITUYE NEGLIGENCIA CUANDO
EXISTE LA OBLIGACIÓN DE OBRAR. [4]

3°

P. 8

1/ TORRES V. A.F.F. 1967, 94 D.P.R. 314

2/ Rodríguez Ramírez V. Franqui Vieka 1962, 86 D.P.R. 766

3/ Ramos Oppenheimer V. Leduc 1975, 103 D.P.R. 342

4/ TORRES V. UNITED STATES OF AMERICA 621 F. 2d 30 (1980)





## DECLARACION JURADA

Nosotras, **Carmen Lillian Maldonado Pagán**, seguro social número 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 mayor de edad, casada, empleada, vecina de Carolina, Puerto Rico y **Monina Maldonado Pagán**, seguro social número 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, mayor de edad, casada, empleada y vecina de Guaynabo, Puerto Rico, bajo juramento declaramos:

1. Que somos hermanas del señor **Mariano Maldonado Pagán**.

2. Que el día en que nuestro hermano Mariano Maldonado Pagán se declaró culpable en el caso de Pueblo de Puerto Rico vs. Mariano Maldonado Pagán caso criminal número CRIM # SVI-1992G0002-04, en el Tribunal Superior de Carolina, ante la Honorable Juez Crisanta Rodríguez, nosotras nos encontrabamos en dicha sala.

3. Que observamos y nos consta que nuestro mencionado hermano, hizo esa declaración mientras se encontraba visiblemente bajo los efectos de medicamentos, que no estaba bajo su control y conciencia. De hecho había acabado de llegar del campamento Guerrero, donde lo habían medicado. Así debe constar en su expediente médico.

4. Que a pesar de que se le asignó un abogado del servicio público, no fue entrevistado por este, así que hizo una declaración de culpabilidad sin estar asesorado legalmente.

5. Hasta donde nosotras tenemos conocimiento el abogado nunca hizo intento alguno de buscar el expediente médico psiquiátrico y nos solicitó que fueramos al médico en busca del mismo. Obviamente el médico no nos entregó copia porque no teniamos ningún tipo de poder legal o autorización escrita para hacernos entrega del mismo.

6. Que juramos y suscribimos la presente declaración jurada a los fines de que conste lo que sabemos sobre lo aquí vertido.

Que lo declarado es la verdad y nada más que la verdad.

**Y PARA QUE ASI CONSTE**, suscribimos la presente en San Juan, Puerto Rico, a 20 de febrero de 2001.

_____           _____
Carmen Lillian Maldonado Pagán          **Monina Maldonado Pagán**

Afidavit Núm. 682

Jurada y suscrita ante mí por Carmen Lillian Maldonado Pagán seguro social número 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, licencia de conducir número 1472804 y Monina Maldonado Pagán, seguro social número 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, licencia de conducir número 1859451, de las circunstancias personales antes expresada.

En San Juan, Puerto Rico hoy día 20 de febrero de 2001.

_____
NOTARIO PUBLICO

32

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

PAG. 01

MALDONADO PAGAN, MARIANO
-------------------------------------------
DEMANDANTE                          CASO NUM:  D AC2003-3667
VS.                                 SALON:  0506
EL PUEBLO DE PUERTO RICO        ACCION CIVIL
-------------------------------------------    -----------------------------------
DEMANDADO                            CAUSAL O DELITO

N O T I F I C A C I O N

CERTIFICO QUE EN RELACION CON CASO DE EPIGRAFE ------------------ EL DIA
04 DE DICIEMBRE DE 2003  EL TRIBUNAL DICTO LA ORDEN ----------------- QUE SE
TRANSCRIBE A CONTINUACION:

-NOTIFIQUESE AL DEPARTAMENTO DE CORRECCION,
DIVISION LEGAL, DEPARTAMENTO DE JUSTICIA.
SE LE CONCEDE TREINTA (30) DIAS PARA REPLICAR.

FDO.  MISAEL RAMOS TORRES
JUEZ

CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308        SAN JUAN PR
                                  00936

MALDONADO PAGAN, MARIANO
PO BOX 607073                     3C ANEXO 501
BAYAMON PR                        00961

BAYAMON       , PUERTO RICO, A 07 DE ENERO DE 2004

LCDA. CARMEN TERESA TORRES CAMACHO
-------------------------------------------
SECRETARIO

POR:  SANTIAGO, VIVIAN
-------------------------------------------
SECRETARIO AUXILIAR

A.T. 780-NOTIFICACION DE RESOLUCIONES Y ORDENES

18

PAG. 02

CASO NUM: D AC2003-3667
SALON: 0506

MALDONADO PAGAN, MARIANO
PO BOX 607073                    3C ANEXO 501
BAYAMON PR                       00961

WACKENHUT CORRECTION
PO BOX 607073                    3-C ANEXO 501
BAYAMON  PR                      00961

BAYAMON      , PUERTO RICO, A 18 DE MARZO DE 2004

                    LCDA. CARMEN TERESA TORRES CAMACHO
                    --------------------------------------------
                             SECRETARIO
          POR:  SANTIAGO, VIVIAN
                    --------------------------------------------
                         SECRETARIO AUXILIAR

O.A.T.750-NOTIFICACION DE RESOLUCIONES Y ORDENES



**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE BAYAMON**
**SALA SUPERIOR**

| | |
|---|---|
| **MARIANO MALDONADO PAGAN** | CIVIL NUM. **D AC2003-3667** |
| DEMANDANTE | **SALA: 506** |
| VS. | |
| **EL PUEBLO DE PUERTO RICO** | SOBRE: |
| DEMANDADO | **ACCION CIVIL** |

En relación al caso de epígrafe, el día **27 de febrero de 2004**, el Tribunal dictó la Orden que se transcribe a continuación:

El Departamento de Justicia ni Corrección han replicado.

Correspondencia se le notificará a la Institución carcelaria.

**NOTIFIQUESE.**

**FDO. MISAEL RAMOS TORRES**
**JUEZ SUPERIOR**



19

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE BAYAMON**
**SALA SUPERIOR**

| | |
|---|---|
| **MARIANO MALDONADO PAGAN** | CIVIL NUM.  **D AC2003-3667** |
| DEMANDANTE | **SALA:  506** |
| VS. | |
| **EL PUEBLO DE PUERTO RICO** | SOBRE: |
| DEMANDADO | **ACCION CIVIL** |

En relación al caso de epígrafe, el día **27 de febrero de 2004**, el Tribunal dictó la Orden que se transcribe a continuación:

Cumpla    el(la)    Director(a)    División    Legal, Departamento de Justicia y de Corrección con nuestra Orden de 4 de diciembre de 2003; siete (7) días para ello.

**NOTIFIQUESE.**

**FDO. MISAEL RAMOS TORRES**
**JUEZ SUPERIOR**



22

ESTADO LIBRE ASOCIADO DE PUERTO RICO
PAG. 01                   TRIBUNAL DE PRIMERA INSTANCIA
                             SALA DE BAYAMON

MALDONADO PAGAN, MARIANO
------------------------------------------
        DEMANDANTE                          CASO NUM:  D AC2003-3667
           VS.                              SALON:  0506
EL PUEBLO DE PUERTO RICO              ACCION CIVIL
------------------------------------------    ---------------------------------
        DEMANDADO                           CAUSAL O DELITO


                  N O T I F I C A C I O N


        CERTIFICO QUE EN RELACION CON CASO DE EPIGRAFE ----------------- EL DIA
27 DE FEBRERO DE 2004     EL TRIBUNAL DICTO LA ORDEN ---------------- QUE SE
ACOMPAÑA  A CONTINUACION:




                    FDO.  MISAEL RAMOS TORRES
                              JUEZ

        CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308      SAN JUAN PR
                                 00936

MALDONADO PAGAN,  MARIANO
1750 LOIZA STATION               PMB 108
SAN JUAN PR                      00911-1819



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE BAYAMON
SALA SUPERIOR

| | |
|---|---|
| MARIANO MALDONADO PAGAN | CIVIL NUM. D AC2003-3667 |
| DEMANDANTE | |
| VS. | SALA: 506 |
| EL PUEBLO DE PUERTO RICO | SOBRE: |
| DEMANDADO | HABEAS CORPUS |

# SENTENCIA

Compareció la parte demandante por derecho propio. Entre otras cosas solicitó su excarcelamiento y arguyó para ello que al momento de ser enjuiciado y sentenciado estaba bajo tratamiento psiquiátrico.

El Peticionario concentra su petición alegando no haber tenido una buena representación legal al momento de hacer alegación de culpabilidad.

En su escrito alega que en el año 1992 fue sentenciado por el Tribunal de Carolina por los siguientes delitos:

- 3 asesinatos en primer grado[1]

- incendio agravado

- Artículo 4 – Ley de Armas

El Tribunal ordenó que el escrito del peticionario le fuera notificado al Departamento de Corrección y de Justicia. Se le

---

[1] Mediante un incendio dio muerte a su esposa y dos de sus hijos.

7

concedió un plazo de treinta (30) días para que replicara. Esta Orden fue dada el 4 de diciembre de 2003.

El 4 de febrero de 2004 nuevamente se le requirió a dichas Agencias que replicaran, ambas han guardado silencio.

No obstante a lo antes expuesto, el Tribunal ordena la desestimación de las alegaciones por varias razones jurídicas. Veamos:

La Demanda deja de exponer la concesión de un remedio justiciable a la luz del derecho y de lo narrado. Este Tribunal no es el foro para pasar juicio ético de la representación del imputado cuando se dilucidaron los hechos, los cuales el peticionario cumple Sentencia de cárcel.

La Sentencia al día de hoy es final y firme la cual goza de presunción de corrección.

Por los fundamentos antes expuesto, el Tribunal ordena la desestimación con perjuicio de las alegaciones.

**REGISTRESE Y NOTIFIQUESE.**

Dada en Bayamón, Puerto Rico, hoy 20 de abril de 2004.



MISAEL RAMOS TORRES
JUEZ SUPERIOR



8

PAG. 01

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

MALDONADO PAGAN, MARIANO
            DEMANDANTE
                VS.
EL PUEBLO DE PUERTO RICO
            DEMANDADO

CASO NUM: D AC2003-3667
SALON:  0506

ACCION CIVIL
            CAUSAL O DELITO

'04 MAY 17 A12:26
SALA SUPERIOR

WACKENHUT CORRECTION
PO BOX 607073
3-C ANEXO 501
BAYAMON  PR                    00961

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO
SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 20 DE ABRIL DE 2004     , QUE HA
SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE
PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA,
DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA
NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE  CASO COPIA DE ELLA
CON FECHA  DE  12 DE MAYO DE 2004     .

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308      SAN JUAN PR
                                 00936

MALDONADO PAGAN, MARIANO
1750 LOIZA STATION               PMB 108
SAN JUAN PR                      00911-1819

MALDONADO PAGAN, MARIANO
PO BOX 607073                    3C ANEXO 501
BAYAMON PR                       00961

BAYAMON      , PUERTO RICO, A 12 DE MAYO DE 2004

                    LCDA. CARMEN TERESA TORRES CAMACHO
                    ------------------------------------------
                                SECRETARIO

        POR: C. SANTOS  C. Santos
                    ------------------------------------------
                              SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMÓN

MARIANO MALDONADO PAGÁN
    DEMANDANTE                    CIVIL NUM. DAC 03-3667
        VS                        SALA: 506
PUEBLO DE PUERTO RICO             ASUNTO: HABEAS CORPUS
    DEMANDADO

——— HABEAS CORPUS ———

AL HONORABLE TRIBUNAL

COMPARECE EL DEMANDANTE DE EPÍGRAFE POR DERECHO
PROPIO, EN FORMA PAUPER Y MUY RESPETUOSAMENTE EXPONE
Y SOLICITA:

EXPOSICIÓN:

① QUE EL 04 DICIEMBRE 2003 ESTE HONORABLE TRIBU-
NAL LE ORDENÓ AL DEPARTAMENTO DE JUSTICIA Y A LA ADMI-
NISTRACIÓN DE CORRECCIÓN QUE EN 30 DÍAS REPLICARAN EL
HÁBEAS CORPUS PRESENTADO POR EL DEMANDANTE DE EPÍGRA-
FE. TRANSCURRIERON LOS 30 DÍAS SIN QUE LAS PARTES PRESEN-
TARAN SU POSICIÓN ANTE LA SOLICITUD DEL DEMANDANTE.

② QUE EL 2 FEBRERO 2004 ESTE HONORABLE TRIBUNAL LE
REPITIÓ LA MISMA ORDEN AL DEPARTAMENTO DE JUSTICIA Y A

La administración de corrección pero en esta ocasión el Honorable tribunal le concedió un plazo de 7 días para que ambas partes replicaran el presente Hábeas corpus, en esta ocasión han transcurrido más de 40 días sin que el departamento de Justicia ni la administración de corrección hayan cumplido con la orden del Honorable tribunal para replicar el presente Hábeas corpus.

③ Que desde el 04 diciembre 2003 hasta la fecha de hoy, han transcurrido más de 120 días sin que el departamento de Justicia ni la administración de corrección demostraran el más ínfimo interés en replicar el presente Hábeas corpus.

Solicitud:

④ Ante la negativa del Departamento de Justicia y de la administración de corrección se desprende que no tienen argumento contra la solicitud de Hábeas corpus incoada por el demandante Mariano Maldonado Pagán y ante la falta de interés del Departamento de Justicia y de la administración de corrección en replicar las ordenes del Honorable tribunal se le solicita muy respetuosamente al Honorable tribunal que proceda en derecho según la ley y declare "Ha lugar" el presente recurso y en su consecuencia dicte la sentencia correspondiente, el auto de excarcelación, para Mariano Maldonado Pagán.

Muy respetuosamente sometido hoy 08 Abril 2003 en Bayamón P.R.

Mariano Maldonado Pagán
Box 607073 3-C
Bayamón P.R. 00961

12

ESTADO LIBRE ASOCIADO DE PUERTO RICO
PAG. 01          TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

MALDONADO PAGAN, MARIANO                    CASO NUM: D AC2003-3667
          DEMANDANTE                              SALON: 0506
             VS.
EL PUEBLO DE PUERTO RICO              ACCION CIVIL
          DEMANDADO                       CAUSAL O DELITO


NOTIFICACION DE SENTENCIA


    EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO
SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 20 DE ABRIL DE 2004    , QUE HA
SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE
PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

    Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA,
DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA
NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA
CON FECHA DE 12 DE MAYO DE 2004    .

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308        SAN JUAN PR
                                  00936

MALDONADO PAGAN, MARIANO
1750 LOIZA STATION                PMB 108
SAN JUAN PR                       00911-1819

MALDONADO PAGAN, MARIANO
PO BOX 607073                     3C ANEXO 501
BAYAMON PR                        00961

WACKENHUT CORRECTION
PO BOX 607073                     3-C ANEXO 501
BAYAMON  PR                       00961


BAYAMON      , PUERTO RICO, A 12 DE MAYO DE 2004

                         LCDA. CARMEN TERESA TORRES CAMACHO
                         ---------------------------------------
                                       SECRETARIO

             POR: C. SANTOS
                         ---------------------------------------
                                  SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA

13

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMÓN

MARIANO MALDONADO PAGÁN
    DEMANDANTE
       VS
PUEBLO DE PUERTO RICO
    PETICIONADO

CIVIL NÚM: DAC 03-3667
SALA: 506
ASUNTO HÁBEAS CORPUS

— RECONSIDERACIÓN —

AL HONORABLE TRIBUNAL

COMPARECE EL PETICIONARIO DE EPÍGRAFE POR DERECHO PROPIO, EN FORMA PAUPER Y MUY RESPETUOSAMENTE EXPONE Y SOLICITA

EXPOSICIÓN:

① QUE ENTIENDO QUE NUESTRO HONORABLE TRIBUNAL ES DE NATURALEZA ROGATIVA Y EN EL CASO DE MARRAS LE CORRESPONDÍA AL DEPARTAMENTO DE JUSTICIA REPLICAR MI SOLICITUD DE HÁBEAS CORPUS PORQUE EL DEPARTAMENTO DE JUSTICIA LE DIJO A LA CORTE DE DISTRITO FEDERAL QUE YO NO HABÍA AGOTADO EL REMEDIO EN LAS CORTES LOCALES POR LO CUAL YO TENÍA LA OPORTUNIDAD DE PRESENTAR MI SOLICITUD DE HÁBEAS CORPUS ANTE EL FORO ESTATAL Y ASÍ LO REALICÉ

3

(2) Que el Departamento de Justicia fue reticente en replicar las (2) ordenes que emitió este Hon. Tribunal porque esta agencia tenía pleno conocimiento de la existencia de un Hábeas Corpus que a mediados de la decada de los 90 radiqué ante nuestro Tribunal Supremo el cual fue desestimado con un escueto "No Ha Lugar" nuestro más alto foro no me orientó y mucho menos me asigno representación legal pese a las violaciones que se cometieron durante el juicio que se realizó en mi contra y la misma actitud asumió este Hon. Tribunal pese a la aseveración que este dijo de que mi sentencia "goza de presunción de corrección" ¿Por qué este Hon. Tribunal no hizo la corrección correspondiente?

(2) Que este Hon. Tribunal declaró que "la demanda deja de exponer la concesión de un remedio ajusticiable a la luz del derecho y de lo narrado" esta aseveración en la sentencia demuestra mi falta de conocimiento en cuanto a derecho se refiere y una vez más me encuentro litigando contra un sistema lleno de tecnicismos y legalidades sin que el propio sistema jamás me haya provisto de un abogado criminalista para presentar mi reclamo a la luz del derecho como lo exige la ley. En mi soliloquio sólo veo que el sistema está protegiendo al abogado que no me defendió y avaló el que me encarcelaran porque éste ahora es un fiscal al servicio del propio sistema

Solicitud:

4

CON SUMO RESPETO LE SOLICITO A ESTE HON. TRIBU-
NAL QUE EN ARRAS DE LA JUSTICIA Y DE LA VERDAD
CONCEDA "HA LUGAR" EL PRESENTE RECURSO Y EN SU
CONSECUENCIA SEÑALE UNA VISTA OPORTUNA Y ME A-
SIGNE UN ABOGADO DE OFICIO Y CRIMINALISTA PARA QUE
ÉSTE ME AYUDE EN EXPONER LA CONCESIÓN DE UN REME-
DIO JUSTICIABLE A LA LUZ DEL DERECHO Y DE LOS FUNDA-
MENTOS QUE HE PRESENTADO ANTE ESTE HON. FORO PUES
ESTOY, Y HE ESTADO, EN TOTAL INDEFENSIÓN LITIGANDO
EN LOS HON. TRIBUNALES DEL PAÍS Y NO CUENTO CON BIE-
NES DE FORTUNA.

MUY RESPETUOSAMENTE SOMETIDO HOY 19 MAYO
2004 EN BAYAMÓN P.R.

Mariano Maldonado Pagán
BOX 607073
BAYAMÓN P.R. 00961

CERTIFICADA    7002 0460 0003 9055 5857

NOTA  HON. SECRETARIA, POR FAVOR UNA
COPIA TIMBRADA. ¡GRACIAS!



PAG. 01

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

MALDONADO PAGAN, MARIANO
------------------------------------------

DEMANDANTE
VS.
EL PUEBLO DE PUERTO RICO
------------------------------------------

DEMANDADO

CASO NUM:  D AC2003-3667
SALON:  0506

ACCION CIVIL
------------------------------------

CAUSAL O DELITO

N O T I F I C A C I O N

CERTIFICO QUE EN RELACION CON MOCION SOLIC RECONSIDERACION ------ EL DIA
16 DE JUNIO DE 2004     EL TRIBUNAL DICTO LA ORDEN ----------------- QUE SE
TRANSCRIBE A CONTINUACION:

NO HA LUGAR A RECONSIDERACION.

FDO.  MISAEL RAMOS TORRES
JUEZ

CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

* MALDONADO PAGAN, MARIANO
PO BOX 607073
BAYAMON PR                    00961

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308    SAN JUAN PR
                              00936



PAG. 02                                          CASO NUM: D AC2003-3667
                                                 SALON: 0506


    MALDONADO PAGAN,  MARIANO
    1750 LOIZA STATION            PMB 108
    SAN JUAN PR                   00911-1819

    MALDONADO PAGAN, MARIANO
    PO BOX 607073                 3C ANEXO 501
    BAYAMON PR                    00961


    BAYAMON       , PUERTO RICO, A 24 DE JUNIO DE 2004

                        LCDA. CARMEN TERESA TORRES CAMACHO
                        ------------------------------------------
                                        SECRETARIO

                    POR: VIVIAN J. SANABRIA
                        ------------------------------------------
                                    SECRETARIO AUXILIAR

O.A.T.750-NOTIFICACION DE RESOLUCIONES Y ORDENES



2

ESTADO LIBRE ASOCIADO DE PUERTO RICO
PAG. 01                         TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

MALDONADO PAGAN, MARIANO
-------------------------------------------
            DEMANDANTE                              CASO NUM:  D AC2003-3667
                 VS.                               SALON:  0506
EL PUEBLO DE PUERTO RICO               ACCION CIVIL
-------------------------------------------       ----------------------------------
            DEMANDADO                                 CAUSAL O DELITO


N O T I F I C A C I O N


   CERTIFICO QUE EN RELACION CON MOCION ---------------------------- EL DIA
14 DE MAYO DE 2004        EL TRIBUNAL DICTO LA ORDEN ----------------- QUE SE
TRANSCRIBE A CONTINUACION:


     -VEASE SENTENCIA DE 20 DE ABRIL DE 2004.
      NOT.


                    FDO.  MISAEL RAMOS TORRES
                              JUEZ

   CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308       SAN JUAN PR
                                 00936

MALDONADO PAGAN,  MARIANO
1750 LOIZA STATION               PMB 108
SAN JUAN PR                      00911-1819



PAG. 02

CASO NUM: D AC2003-3667
SALON: 0506

MALDONADO PAGAN, MARIANO
PO BOX 607073                    3C ANEXO 501
BAYAMON PR                       00961

WACKENHUT CORRECTION
PO BOX 607073                    3-C ANEXO 501
BAYAMON  PR                      00961

BAYAMON        , PUERTO RICO, A 04 DE JUNIO DE 2004

                        LCDA. CARMEN TERESA TORRES CAMACHO
                  ------------------------------------
                                SECRETARIO

        POR:  SANTIAGO, VIVIAN
                 ------------------------------------
                     SECRETARIO AUXILIAR

O.A.T.750-NOTIFICACION DE RESOLUCIONES Y ORDENES



DAC2003-3667
506

'03 DIC 24 19:50

CENTRO Judicial
Box 600619 Bayamon
P.R. 00960-0619

28 Noviembre 2003

HONORABLE SECRETARIA

SIRVA LA PRESENTE un cordial saludo y LA SALUD
FAVOREZCA EN union A los que ud. AMA.

RESULTA que ALLA entre Agosto · Septiembre mi
envió, una demanda, por correo y AL día de Hoy no H
RECIBIDO una copia TIMBRADA como ud. suele env
ME con su NUM. de caso y LA sala asignada.

El demandado ES El Lic. carlos Rodriguez MALa
NADO.

SIN MAS particularidades AL RESPECTO, quedo
A LA EXPECTATIVA de su Réplica A ESTA. GRACIAS P
su ATENCION y TENGA ud. unas Felices Fiestas. Se
cribi,

cordialmente
Mariano Maldonado P.

CERTIFICADA    7002 0460 0003 9734 7714

Por estoy esperando un TRASLADO, por FAVOR, REM
EZA A ESTA dirección de mi HNA. ¡GRACIAS!

175.0 LOIZA ST P.M.B.
S. J. P.R. 00911-1819

23

ESTADO LIBRE ASOCIADO DE PUERTO RICO
PAG. 01                TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

MALDONADO PAGAN, MARIANO
-------------------------------------------
                DEMANDANTE                        CASO NUM:  D AC2003-3667
                    VS.                                SALON:  0506
EL PUEBLO DE PUERTO RICO                  ACCION CIVIL
-------------------------------------------    -----------------------------------
                DEMANDADO                         CAUSAL O DELITO


N O T I F I C A C I O N


    CERTIFICO QUE EN RELACION CON CASO DE EPIGRAFE ----------------- EL DIA
27 DE FEBRERO DE 2004    EL TRIBUNAL DICTO LA ORDEN ---------------- QUE SE
ACOMPAÑA  A CONTINUACION:


FDO.  MISAEL RAMOS TORRES
JUEZ

    CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

DEPARTAMENTO DE CORRECCION
DIVISION LEGAL PO BOX 71308     SAN JUAN PR
                                00936

MALDONADO PAGAN,  MARIANO
1750 LOIZA STATION              PMB 108
SAN JUAN PR                     00911-1819



PAG. 02

CASO NUM: D AC2003-3667
SALON: 0506

MALDONADO PAGAN, MARIANO
PO BOX 607073                3C ANEXO 501
BAYAMON PR                   00961

WACKENHUT CORRECTION
PO BOX 607073                3-C ANEXO 501
BAYAMON  PR                  00961

BAYAMON     , PUERTO RICO, A 18 DE MARZO DE 2004

LCDA. CARMEN TERESA TORRES CAMACHO
-------------------------------------------
                    SECRETARIO
POR:  SANTIAGO, VIVIAN
-------------------------------------------
                    SECRETARIO AUXILIAR

O.A.T.750-NOTIFICACION DE RESOLUCIONES Y ORDENES



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE BAYAMON
SALA SUPERIOR

| | |
|---|---|
| MARIANO MALDONADO PAGAN | CIVIL NUM. D AC2003-3667 |
| DEMANDANTE | |
| VS. | SALA: 506 |
| EL PUEBLO DE PUERTO RICO | SOBRE: |
| DEMANDADO | |
| | HABEAS CORPUS |

# SENTENCIA

Compareció la parte demandante por derecho propio. Entre otras cosas solicitó su excarcelamiento y arguyó para ello que al momento de ser enjuiciado y sentenciado estaba bajo tratamiento psiquiátrico.

El Peticionario concentra su petición alegando no haber tenido una buena representación legal al momento de hacer alegación de culpabilidad.

En su escrito alega que en el año 1992 fue sentenciado por el Tribunal de Carolina por los siguientes delitos:

- 3 asesinatos en primer grado[1]

- incendio agravado

- Artículo 4 – Ley de Armas

El Tribunal ordenó que el escrito del peticionario le fuera notificado al Departamento de Corrección y de Justicia. Se le

---

[1] Mediante un incendio dió muerte a su esposa y dos de sus hijos.

concedió un plazo de treinta (30) días para que replicara. Esta Orden fue dada el 4 de diciembre de 2003.

El 4 de febrero de 2004 nuevamente se le requirió a dichas Agencias que replicaran, ambas han guardado silencio.

No obstante a lo antes expuesto, el Tribunal ordena la desestimación de las alegaciones por varias razones jurídicas. Veamos:

La Demanda deja de exponer la concesión de un remedio justiciable a la luz del derecho y de lo narrado. Este Tribunal no es el foro para pasar juicio ético de la representación del imputado cuando se dilucidaron los hechos, los cuales el peticionario cumple Sentencia de cárcel.

La Sentencia al día de hoy es final y firme la cual goza de presunción de corrección.

Por los fundamentos antes expuesto, el Tribunal ordena la desestimación con perjuicio de las alegaciones.

**REGISTRESE Y NOTIFIQUESE.**

Dada en Bayamón, Puerto Rico, hoy 20 de abril de 2004.



MISAEL RAMOS TORRES
JUEZ SUPERIOR